**SULAIMANLAW GROUP**
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
Email: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| STEPHANIE SANDERS-MILLARD,<br><br>Plaintiff,<br><br>v.<br><br>UNIQ CREDIT SOLUTIONS, INC.,<br><br>Defendant. | Case No.  8:23-cv-01978<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. § 1679 *ET SEQ.***<br><br>2. **VIOLATION OF THE CALIFORNIA CREDIT SERVICES ORGANIZATIONS ACT, CAL. CIV. CODE § 1789.10 *ET SEQ.***<br><br>3. **VIOLATION OF THE CALIFORNIA FAIR DEBT SETTLEMENT PRACTICES ACT, CAL. CIV. CODE § 1788.300 *ET SEQ.***<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

**NOW COMES** STEPHANIE SANDERS-MILLARD ("Plaintiff"), by and

1

through the undersigned attorney, complaining as to the conduct of UNIQ CREDIT SOLUTIONS, INC. ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Credit Repair Organizations Act ("CROA"), pursuant to 15 U.S.C. § 1679 *et seq.*, the California Credit Services Organizations Act ("CCSOA"), pursuant to Cal. Civ. Code § 1789.10 *et seq.*, and the California Fair Debt Settlement Practices Act ("CFDSPA"), pursuant to Cal. Civ. Code § 1788.300 *et seq.*, stemming from Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Central District of California and all of the events or omissions giving rise to the claims occurred in the Central District of California.

## PARTIES

5. Plaintiff is a consumer and a natural person, over 18-years-of-age, who at all times relevant, resides in the Central District of California.

2

6. Defendant is a credit repair organization that claims in its contract to "remove all negative and derogatory remarks on your credit report." Defendant is a Delaware Limited-Liability Company that maintains its principal place of business at 8 The Green, Suite F, Dover, DE 19901.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

8. In February 2023, Plaintiff had a number of debts which were impacting her credit, prompting her to begin looking for companies who may be able to assist in improving her overall credit score and resolving her obligations.

9. After diligent research, Plaintiff happened upon Defendant due to its representations that it could help consumers settle their debts and improve their creditworthiness.

10. As such, Plaintiff spoke with Defendant who assured Plaintiff that it would be able to negotiate with her creditors, remove negative information from her credit profile with each of the major credit reporting agencies and revive her credit score.

11. Specifically, Defendant promised that its attorneys would work with all of her enlisted creditors to negotiate and ultimately settle all of her debts. Plaintiff detrimentally relied on Defendant's promises.

3

12.     On February 17, 2023, Plaintiff entered into an agreement in connection with Defendant's credit repair services. The agreement stated that Plaintiff would be responsible for paying an upfront payment of $429.00.

13.     On March 17, 2023, Plaintiff paid another $429.00 that was taken directly out of her bank account.

14.     Sometime in late March 2023, Plaintiff contacted one of her creditors and discovered that Defendant had yet to reach out to any of her creditors to begin to negotiate a settlement on her behalf.

15.     Soon thereafter, Plaintiff attempted to call Defendant to ask if Defendant was engaged in settlement negotiations with her creditors but was unable to communicate with Defendant.

16.     Plaintiff attempted to call Defendant multiple times to inquire if Defendant was monitoring her case and engaging with her creditors, yet Defendant never answered or returned any of Plaintiff's calls.

17.     Relying upon Defendant's representations regarding the nature and efficacy of its services, Plaintiff trusted that Defendant would contact Plaintiff's creditors and would be actively negotiating settlements to try and remove negative accounts from her credit report.

18.     Eventually, after making monthly payments to Defendant, Plaintiff became extremely frustrated and distressed that she was unable to contact Defendant and canceled her bank card because her bank account was directly depositing

4

monthly payments to Defendant.

19. Defendant's failure to sufficiently get any of the inaccurate information removed from Plaintiff's credit reports or even engage with Plaintiff's creditors underscores the generally deceptive manner in which Defendant held out the efficacy of its services to Plaintiff.

20. As such, Defendant misrepresented the nature of its services by failing to negotiate settlements with Plaintiff's creditors and for avoiding all communications with Plaintiff regarding its services.

21. Even more, Defendant explicitly guaranteed results that Plaintiff's negative trade lines would be removed from her credit reports, yet failed to do so.

22. Ultimately, due to the fact that no positive changes occurred to Plaintiff's credit files, Plaintiff forcefully terminated her services with Defendant by canceling her bank card to avoid Defendant from further taking direct payments.

**COUNT I - VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT**

23. Plaintiff repeat and reallege paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

25. Defendant is a "credit repair organization" as defined by § 1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money

or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

**a.     Violations of CROA § 1679b(a)**

26.    The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

27.    Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. In order to get Plaintiff to agree to utilize Defendant's services, Defendant touted the efficacy of its credit repair services and that Plaintiff could expect an improved credit score as long as he made payments for its services. Plaintiff made her such payments; however, Defendant failed to improve Plaintiff's credit.

28.    Defendant further violated the CROA through its deceptive and misleading conduct by failing to engage with any of Plaintiff's creditors. Until

Plaintiff discovered that Defendant was not negotiating a settlement with Plaintiff's creditors, Defendant had failed to even contact any of her listed creditors.

29. Upon information and belief, Defendant charges consumers for services before fully and completely performing those services in the manner they were represented, yet nevertheless attempts to disclaim such conduct in its contract by saying that it does not charge consumers before fully completing its services. This conduct is part of deceptive scheme where Defendant seeks to insulate itself from liability under the CROA through contractual language that is inherently misleading and contradictory to reality.

30. Moreover, when Plaintiff attempted to contact Defendant regarding its services, Defendant completely ignored Plaintiff and never returned her calls and left her without any information regarding the status of her case.

**b.     Violation of CROA § 1679b(b)**

31. The CROA, pursuant to 15 U.S.C. § 1679b(b), states that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

32. Defendant violated § 1679b(b) as it charged and received money from Plaintiff in exchange for the performance of its services before such services were fully performed. Defendant has maintained Plaintiff's payments despite failing to fully perform the services justifying Defendant's retention of such fees.

7

**c.      Violation of CROA § 1679c**

33.     The CROA, pursuant to 15 U.S.C. § 1679c, outlines various disclosures that CROs must provide to consumers prior to entering into contracts with consumers.

34.     Defendant violated § 1679c through its complete failure to provide Plaintiff a copy of the required disclosures.

**d.      Violation of CROA §§ 1679d(4) & 1679e**

35.     The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679e further outlines the extent of a consumer's cancellation rights under CROA while requiring such disclosure to be given to consumers in writing.

36.     Defendant violated 15 U.S.C. §§ 1679d(4) & 1679e through its complete failure to provide the above disclosure in immediate proximity to the space reserved for Plaintiff's signature on the contract, as well as its failure to provide the notice of cancellation to Plaintiff.

**WHEREFORE** Plaintiff STEPHANIE SANDERS-MILLARD, respectfully requests that this Honorable Court enter judgement in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1679g(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT II - VIOLATIONS OF THE CALIFORNIA CREDIT SERVICES ORGANIZATIONS ACT**</u>

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1789.12(c).

39. Defendant is a "credit services organization" as defined by Cal. Civ. Code § 1789.12(a).

**a.   Violation of CCSOA § 1789.13**

40. Pursuant to § 1789.13(b), a credit services organization cannot "fail to

9

perform the agreed services within six months following the date the buyer signs the contract for those services."

41.  Defendant violated § 1789.13(b) when it failed to fully perform the agreed upon services within 6 months of Plaintiff agreeing to utilize its services. Defendant tricked Plaintiff into making payments and still failed to completely perform the agreed upon services.

42.  The CCSOA, pursuant to Cal. Civ. Code § 1789.13, provides a list of prohibited conduct for credit services organizations.

43.  Pursuant to § 1789.13(g), credit services organization cannot "[m]ake or use untrue or misleading representations in the offer or sale of the services of a credit services organization." Similarly, pursuant to § 1789.13(h), a credit services organization cannot "[e]ngage, directly or indirectly, in an act, practice, or course of business that operates or would operate as a fraud or deception upon a person in connection with the offer or sale of the services of a credit service organization."

44.  Defendant violated the above referenced statute by promising Plaintiff that it would engage with her creditors to negotiate a settlement, yet Defendant failed to contact her creditors and avoided all communication with Plaintiff.

45.  As outlined above, Defendant violated the above referenced provisions of the CCSOA in much the same way it violated 15 U.S.C. §§ 1679b(a)(3)-(4).

**WHEREFORE**, Plaintiff STEPHANIE SANDERS-MILLARD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Cal. Civ. Code § 1789.21(a);

c. Awarding Plaintiff punitive damages pursuant to Cal. Civ. Code § 1789.21(a);

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Cal. Civ. Code § 1789.21(a); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE CALIFORNIA DEBT SETTLEMENT PRACTICES ACT

46. Plaintiff restate and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.301(d).

48. Defendant is a "debt settlement provider" as defined by Cal. Civ. Code § 1788.301(a).

**a. Violation of CFDSPA § 1788.302**

    **i. Violations of § 1788.302(a)**

11

49. The CFDSPA, pursuant to Cal. Civ. Code § 1788.302(a), provides that "[a] debt settlement provider shall not engage in false, deceptive, or misleading acts or practices when providing debt settlement services." Further, "without limiting the general applicability of the foregoing," conduct violates § 1788.302(a) if it includes "[o]mitting any material information." Cal Civ. Code § 1788.302(a)(3).

50. Defendant violated § 1788.302(a) of the CFDSPA through its misrepresentations and deception as to the nature of the credit repair and debt management services it could provide Plaintiff. The parties agreed that Defendant would be able to negotiate and settle her debts with her creditors within 6 months of signing up for its services, yet Defendant was unable to complete its services and seemingly never negotiated with any of Plaintiff's creditors to reach a resolution.

51. Defendant further violated § 1788.302(a) & (a)(3) of the CFDSPA in much the same way it violated §§ 1679b(a)(3)-(4) of the CROA.

  **ii. Violations of § 1788.302(c)**

52. The CFDSPA, pursuant to Cal. Civ. Code § 1788.302(c), provides that "[a] debt settlement provider . . . shall not engage in unfair, abusive, or deceptive acts or practices when providing debt settlement services . . . ."

53. Defendant violated § 1788.302(c) through its unfair conduct directed towards Plaintiff, when it failed to fulfill its credit repair and debt management services as promised. Defendant failed to negotiate and settle any of the debt enrolled in its program within 6 months as it represented in its initial meeting with Plaintiff.

Had it not been for Defendant's representations, Plaintiff would have not signed up for Defendant's program.

54. As alleged above, Plaintiff was harmed by Defendant's actions and inactions.

**WHEREFORE**, Plaintiff STEPHANIE SANDERS-MILLARD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Cal. Civ. Code § 1788.305(b)(1)(B);

c. Awarding Plaintiff punitive damages pursuant to Cal. Civ. Code § 1788.305(b)(1)(A), of $5,000.00 per violation of this title;

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Cal. Civ. Code § 1788.305(b)(3); and,

e. Awarding any other relief this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

13

| | |
|---|---|
| Date: October 20, 2023 | Respectfully submitted, |
| | **STEPHANIE SANDERS-MILLARD** |
| | By: */s/ Alexander J. Taylor* |
| | Alexander J. Taylor, Esq. |
| | Atlas Consumer Law |
| | 2500 S. Highland Avenue, Suite 200 |
| | Lombard, Illinois 60148 |
| | Telephone: 331-307-7646 |
| | Facsimile: 630-575-8188 |
| | Email: ataylor@sulaimanlaw.com |